## Evans' Appeal

*Earl V. Compton,* for petitioner.
*Walter R. Sohn,* for commission.

HARGEST, P. J., November 3, 1937.—Five petitions, of which this is one, have been presented to us appealing from the refusal of the Elections Commission of the County of Dauphin to transfer the enrollment of appellant from a voting district in the City of Harrisburg to a voting district in Susquehanna Township.

The election statutes are silent as to appeals of this character; they deal with appeals from the refusal to register, but have no specific provisions with reference to appeals from refusal to transfer.

It is very apparent that the Election Code of June 3, 1937, P. L. 1333, is drawn having in view the principle that there should be a liberal interpretation, so far as possible, sustaining the elector's right to vote.

The registration law relating to cities of the third class provides for transfer of the enrollment of a voter "within the city." The Permanent Registration Act for Boroughs, Towns, and Townships, pertaining to permanent registration for boroughs and townships, of April 29, 1937, P. L. 487, provides in sections 26 and 27 for the transfer of registration. Section 27 provides that upon receipt not later than the thirtieth day next preceding any primary or election of the proper removal notice setting forth "a removal of residence to another location in the same county" the commission shall cause the transfer to be properly registered from the district in which the voter lived to the district to which he has removed.

It is contended by the Elections Commission that the language "another location in the same county" means a location from some part of the county outside of the city to some other district in the county outside of the city.

In section 26 the words "election district" and "new district" are used several times without any specific limitation that they shall mean a district within the county outside of the city.

If we were to adopt the contention of the elections commission, it would result in anomalous situations. We may take judicial knowledge of the fact that these appellants are moving to a recently developed location perhaps a block beyond the limits of the City of Harrisburg. If one of them had moved from within the city near the city line to this location in the township a block or more away, if the commission's position is correct, he would be deprived of his right to change registration; but if one had moved from Lykens, twenty-five or thirty miles away, to this location, or from Steelton or Middletown or elsewhere in the county to this location, he would have the right to

vote. That is a situation which should not have judicial approval unless the plain language of the statute demands it. Moreover, the Constitution of Pennsylvania in article I, sec. 5, provides that: "Elections shall be free and equal"; and there would be a very distinct inequality in a situation such as we have just pointed out.

Adopting the liberal construction of the statute we conclude that the language of section 27, "removal of residence to another location in the same county", is effective to authorize the transfer of registration from the city to the county. We must assume that the legislature knew of the third-class city registration act, and if it had intended that there should be no overlapping of any of the provisions of this law, and that this statute should affect only such removals in the county from one district to another, which were outside of the city, it could have readily so indicated, but the language is a "removal of residence to another location in the same county" without any limitation whatever. The presumption is that the legislature did not intend to disqualify certain persons moving from the city to the townships and boroughs, or from the townships and boroughs to the city, while giving the right to those who move about in the townships and boroughs, or about in the city. There could be no possible reason for drawing such distinction and limiting the words "to another location in the same county" in that respect. Moreover, as said by Endlich on Interpretation of Statutes, sec. 258, p. 343: "If the words of a statute, though capable of an interpretation which would work manifest injustice, can possibly, within the bounds of grammatical construction and reasonable interpretation, be otherwise construed, the court ought not to attribute to the Legislature an intention to do what is a clear, manifest and gross injustice."

For these reasons we have already made the order allowing the appeal and directing the transfer as prayed in the petition.